UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                         Case No.: 8:17-cr-146-CEH-AEP

DAMEON Q. MCDONALD
_____/

**ORDER**

This matter comes before the Court on Defendant Dameon Q. McDonald's Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) (Doc. 34). In the motion, Defendant, who is proceeding *pro se*, requests compassionate relief pursuant to the First Step Act due to COVID-19 concerns. The Government filed a response in opposition (Doc. 37), and Defendant replied (Doc. 38). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.     BACKGROUND**

On May 22, 2017, Defendant pleaded guilty to possession of five grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Docs. 16, 17. Defendant was sentenced on August 25, 2017, to be imprisoned for a total term of 130 months and 4 years of supervised release. Doc. 30. Defendant is a 42-year-old black male who is currently incarcerated at Jesup FCI in Jesup, Georgia. *See* BOP Inmate Locator at

https://www.bop.gov/inmateloc/ (last accessed July 30, 2021). Defendant is scheduled to be released from prison in approximately five years on June 27, 2026. *Id.*

On August 12, 2020, Defendant filed the instant Motion for Compassionate Release requesting modification of his sentence due to the COVID-19 pandemic, the BOP's response at Jesup FCI, and his medical conditions. Doc. 34. Defendant alleges he suffers from cardiomyopathy, hypertension, and a vitamin D deficiency. Doc. 38.

In response to Defendant's motion, the Government argues the motion should be denied because Defendant fails to provide an extraordinary and compelling reason to permit his early release from prison and because Defendant remains a danger to society. *See generally* Doc. 37. The Bureau of Prisons (BOP) continues to take significant measures to protect the health of the inmates in its charge. *See* Federal BOP, *Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020). Specifically, the BOP states, "[e]ach individual institution has made plans consistent with their institutional resources (including physical space) and will continuously monitor their visiting plan, and make prompt modifications, as necessary, to effectively manage COVID-19." *Id.*

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act

of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that:

(1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.   Administrative Exhaustion

Defendant contends he has exhausted administrative remedies, and the Government does not argue otherwise. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP prior to the filing of a motion for compassionate release. 18 U.S.C. § 3582(c)(1). "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, No. 3:97-cr-120-MMH-PDB, 2020 WL 5106694, at *3 (M.D. Fla. Aug. 31, 2020); *see also United States v. Mack*, No. 3:13-cr-206-TJC-MCR, 2020 WL 6044560, at *5–7 (M.D. Fla. Oct. 13, 2020) (finding exhaustion of administrative remedies when it was clear that the warden had received defendant's request for compassionate release and that more than 30 days had passed).

Here, Defendant filed a request for compassionate release to his BOP warden in April 2020 and received a denial on May 14, 2020. Doc. 34 at 11. Defendant filed an appeal on July 1, 2020, which was received on July 6, 2020. Thirty days lapsed since the Warden received receipt of the appeal before the Defendant filed this action. Defendant has satisfied administrative exhaustion, and he may pursue his claim in this Court.

### B.   No Extraordinary and Compelling Reason Demonstrated

Although he has satisfied administrative exhaustion, Defendant's motion nevertheless fails. Defendant has not presented enough evidence for this Court to

5

determine that Defendant's medical conditions in combination with the COVID-19 pandemic constitute extraordinary and compelling reasons for compassionate release. In accordance with *Hamilton*, a defendant bears the burden of establishing that compassionate release is warranted. 715 F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The application notes for section 3582(c)(1)(A) explain what constitutes an "extraordinary and compelling reason" based on a medical condition. The defendant must be suffering from a terminal illness or have another medical condition "that substantially diminishes the ability of the defendant to provide self-care." *Id.*

Defendant argues that the combination of his medical conditions, the COVID-19 pandemic, and his rehabilitation result in extraordinary and compelling reasons for his release. *See generally* Doc. 34. However, Defendant has failed to carry his burden. His medical conditions are not terminal, and he fails to demonstrate he is unable to provide self-care in the prison environment.

Defendant provides medical documentation that he currently has cardiomyopathy, hypertension, and a vitamin D deficiency. Doc. 38 at 6. Defendant includes a list of medications, including prescription medications which are "for blood pressure" and "for heart." Doc. 38 at 7. The Defendant also contends that a prior case of COVID-19 negatively affected his conditions. While the Defendant includes

documentation that he had a symptomatic case of COVID-19 (Doc. 34 at 12), Defendant does not provide documentation that COVID-19 negatively affected his health conditions or had any other serious long-term impact on his health. *See generally* Doc. 34.

The Eleventh Circuit recently affirmed a district court decision denying compassionate release in a similar circumstance. In *United States v. Johnson*, the defendant suffered from hypertension and previously had bouts with bronchitis. *United States v. Johnson,* No. 20-14098, 2021 WL 2391581, at *1 (11th Cir. June 11, 2021). The Eleventh Circuit held that the district court did not err in denying defendant's motion for compassionate relief. *United States v. Johnson,* 2021 WL 2391581, at *2. The court reasoned that the defendant's hypertension was controlled with medication and there was no evidence that defendant's ability to provide self-care was substantially diminished. *Id* at *1.

Here, Defendant contends that his hypertension and cardiomyopathy, in light of the pandemic, constitute extraordinary and compelling circumstances. Doc. 38 at 6. Similar to *Johnson*, the Defendant is on medication for his conditions, and he has submitted no evidence to the Court that his conditions substantially diminish his ability to provide self-care. Doc. 38 at 7; *Johnson,* 2021 WL 2391581 at *2. The CDC has stated that "cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get severely ill from COVID-19." CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed

7

June 29, 2021). However, as noted in *Johnson*, hypertension that is controlled with medication is precisely the circumstance that the Eleventh Circuit examined in *Johnson* and rejected as failing to constitute an extraordinary and compelling reason. *United States v. Johnson,* 2021 WL 2391581 at *1–2. Additionally, it is worth noting that Defendant had COVID-19 and appears to have recovered. He does not submit evidence of a severe reaction.

In his reply to the Government's response, Defendant raises concerns about outbreaks of COVID-19 cases and lack of personal protective equipment at the facility in which he is incarcerated. Doc. 38 at 1. Current data reveals Jesup FCI has zero active inmate cases and zero active staff cases of COVID-19. Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/# (last accessed July 30, 2021). Jesup is also actively vaccinating inmates and staff. Jesup has fully inoculated 109 staff and 893 inmates. Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last accessed July 30, 2021). Moreover, "courts in this Circuit have found that general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13," *United States v. Rey-Durier*, No. 8:15-CR-97-JDW-TGW, 2020 WL 4349941 (M.D. Fla. July 29, 2020) (citing United States v. Smith, No. 8:17-cr-412-CEH-AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Defendant fails to demonstrate that his alleged medical

conditions, coupled with the potential for exposure to COVID-19, constitute an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(1) and U.S.S.G. §1B1.13.

### C.  Section 3553(a) Factors do not Support a Reduction in Sentence

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must consider the Section 3553(a) factors and make a finding that Defendant would not be a danger to the safety of any person or the community. *See* USSG § 1B1.13(2).  The Court cannot make such a finding on this record.

The amount of money and volume of narcotics involved in Defendant's crime demonstrates he is a danger to the community. *See* Doc. 25 at 4–5. Defendant was found with 23.8 grams of methamphetamine and 9.5 grams of cocaine base. *Id* at 5. Defendant is a career offender as defined by USSG § 4B1.1. *Id.* Consideration of the Section 3553(a) factors weighs against a sentence reduction. Defendant has served less than half of his 130-month sentence which, under the totality of the circumstances, does not adequately reflect the seriousness of his offense, nor promote deterrence.

The Court finds that even if Defendant could establish an extraordinary and compelling reason to support compassionate release, a reduction in his sentence would be contrary to the Section 3553(a) factors.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc. 34) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 30, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties